## 154 CASES IN THE SURROGATES' COURTS.

KINGS COUNTY.—HON. ABRAHAM LOTT, SURRO-
GATE.—December, 1887.

CHURCH CHARITY FOUNDATION *v.* PEOPLE.

*In the matter of the estate of* MARIA HUNTER, *de-
ceased.*

The expression "societies, corporations and institutions now *exempted* by
law from taxation," contained in L. 1885, ch. 483 (as amended in
1887), implies an immunity from taxation, expressly granted by
statute, and not a mere omission to tax.

Those societies, corporations and institutions are to be deemed "exempted
by law from taxation," within the meaning of the act cited, *whose prop-
erty* is so exempted.

A corporation organized to establish and maintain (1) houses for the main-
tenance of indigent aged persons and the support and education of
destitute children, and (2) hospitals and dispensaries for the shelter
and relief of the infirm, sick and needy, which is maintained by volun-
tary gifts, has no capital stock, and carries on no business,—is ex-
empt, as legatee, from the "collateral inheritance tax," being protected
as, in effect, an alms-house, poor-house, school-house, or combination
thereof, by chapter xiii. of part 1st of the Revised Statutes, treating
"of the assessment and collection of taxes."

APPLICATION of John W. Hunter and George Kis-
sam, executors of decedent's will, for an order assess-
ing and fixing the amounts of tax due from beneficia-
ries, pursuant to L. 1885, ch. 483. The essential facts
are stated in the opinion.

J. L. MARCELLUS, *for executors.*

W. H. WARING, *for Church Charity Foundation.*

THE SURROGATE.—The will of Maria Hunter (who
died in the month of October, 1886) gave a legacy of

$5,000 to " The Church Charity Foundation of Long Island," and an application was made by her executors to have it determined whether said legacy is subject to taxation under chapter 483 of the laws of 1885.

It appeared that " The Church Charity Foundation of Long Island " is a corporation incorporated to establish and maintain one or more houses for such indigent aged persons and indigent orphan and half orphan children and other children left destitute, as it may receive under its care, and to educate such children, and to establish and maintain one or more hospitals, dispensaries or other institutions for the shelter, support and relief of sick, infirm and indigent persons ; that the property of said corporation has been and is being used for such purposes ; that said corporation is a charitable institution and is supported by voluntary gifts and the income from its property ; that the real property on which its buildings are placed is not taxed ; that it is not a moneyed or stock corporation ; that it carries on no business ; that it has no capital stock ; that it earns no dividends, declares no dividends and has never had any stock or made any dividends.

Section 1 of chapter 483, laws of 1885, expressly excludes from taxation under the provisions of that act legacies which shall be given to " societies, corporations and institutions now exempted by law from taxation."

The only corporations which *as corporations* are specifically made liable to taxation under the laws of the State of New York, are moneyed or stock corporations, and the Church Charity Foundation is not such a corporation, and therefore is not specifically made

liable to taxation under any of the laws of this State prior to this act of 1885. But the language used by this act of 1885, excludes from taxation legacies to corporations " *now exempted by law* from taxation." This language I think shows that the intention of the legislature was to exclude from taxation under this act such corporations as by some specific provisions of law are *exempted* from taxation, or whose property by some specific provisions of law is *exempted* from taxation. The language " exempted by law from taxation " looks to some actual provision of the law, not to the mere absence of any provision, and it cannot be argued that because the law does not specifically tax a corporation, therefore that corporation is " *exempted by law* from taxation." · " Exempt " is defined by Burrill to mean, " to relieve from some requisition, etc., to which others are subject."

There are no corporations which by specific provisions of law are " exempted by law from taxation," but the property of certain corporations is by specific provisions of law " exempted " from taxation, and I am of the opinion that the " societies, corporations and institutions now exempted by law from taxation," referred to in the first section of chapter 483 of the laws of 1885, are the societies, corporations and institutions whose property is exempted by law from taxation.

Under the laws of this State, all lands and all personal estate within this State, whether owned by individuals or by corporations, is liable to taxation, subject to certain exemptions (R. S., part 1, ch. 13, tit. 1, § 1). The exemption specified in the laws, so

far as they affect the Church Charity Foundation, are buildings for colleges, academies or other seminaries of learning, school-houses and the lots whereon they are situated, poor-houses, alms-houses, houses of industry and the real and personal property used for such purposes belonging to or connected with the same (id., § 4, subd. 3, 4); all stocks belonging to charitable institutions (id., § 4, subd. 6); the personal estate of every incorporated company not made liable to taxation on its capital in R. S., part 1, ch. 13, tit. 4.

As the fourth title of chapter 13, part 1, R. S., provides for the taxation of moneyed or stock corporations only, and as the Church Charity Foundation cannot be classed as such, it is clear that its personal estate is exempted by law from taxation. As the buildings owned by the Church Charity Foundation are used for the care, maintenance, education and support of aged indigent persons, and indigent orphans and half orphan children and other children left in a destitute and unprotected state and condition, such buildings may properly be classed as alms-houses, or poor-houses, or school-houses, or houses of industry, all of which are exempted by law from taxation.

In Hebrew Asylum v. The Mayor (11 *Hun*, 116), the court say at page 118 : " With the other buildings owned by the society, it was used for the custody, education and employment of dependent, destitute and friendless children, and it was maintained for the same general purpose as poor-houses and alms-houses, all of which are declared to be exempt from taxation." In that case the corporation was of a character similar in its purposes to the Church Charity Foundation. In

Ass'n., etc. v. The Mayor (38 *Hun*, 593), the corporation was organized to provide and maintain a place of refuge for colored orphans where they shall be boarded, clothed and educated till fit to be bound out, and the court held that its building was a school-house and therefore exempt.

As the real and personal property of the Church Charity Foundation is specifically exempted by law from taxation, I am of the opinion that it is one of the corporations "now exempted by law from taxation" referred to in section 1 of chapter 483 of the laws of 1885, and that the legacy of $5,000 given to said corporation by the will of Maria Hunter is not subject to taxation under said chapter.